IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LATOYA SMITH** | : | |
| | : | |
| Plaintiff, | : | C.A. No. |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| **CHRISTIANA HEALTH CARE SYSTEM, INC.** | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Latoya Smith ("Plaintiff") was at all times relevant to this complaint a resident of Smyrna, Delaware.

2. Defendant, Christiana Care Health Care System ("Defendant" or "Christiana Care") is a public corporation organized and existing under the laws of the State of Delaware. Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION

3. The jurisdiction of this court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*. As such, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1337.

1

## VENUE

4.The unlawful employment practices alleged herein were committed within the State of Delaware.  Accordingly, venue lies in the United States District Court for the District of Delaware under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.Prior to the filing of this action, the plaintiff timely filed a written charge of disability discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission on November 18, 2019 which occurred during her employment application with Christiana Care.

6.On or about December 8, 2021, the EEOC issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff on or about December 10, 2021. *Right to Sue Notice a*ttached as Ex. 1.

## FACTS

7.LaToya Smith is a 44 year old authorized holder of a Delaware Medical Marijuana Card of 5 years.

8.She is lawfully prescribed marijuana for pain caused by a slip and fall accident several years ago.

9. On October 16, 2019, Smith attended a job fair and was offered a job by Cheryl Long, Middltown office manager for Christiana[1].

10. She was hired to be a medical assistant at $16.62 per hour.

11. As a result of Christiana's offer, Smith resigned from her position at KenCrest earning $12.00 an hour.

12. Smith received her welcome letter from Christiana Care on October 23, 2019 with a start date of November 18th.

13. On October 31, 2019, Smith was seen in Employee Health Services (EHS) for her pre-employment medical evaluation and drug screening.

14. After the drug screening results, on November 5, 2019, Smith provided documentation to Christiana Care onboarding employee Shiree Tomlinson regarding her status as a Medical Marijuana Cardholder.

15. On November 7, 2019, Jason Painter from Employee Health called Smith and requested to meet with her.

16. Smith met with Painter. During the meeting, Painter pried into Smith's past health issues, potential disabilities, and prescription drug history.

17. Smith made Painter aware that she used medical marijuana for intermittent pain. Painter intensively questioned Smith regarding her seeing a pain management doctor.

---

[1] 10/23/19 *Email from Christiana Care to Latoya Smith* attached as Exhibit 2.

18. On November 14, 2019, Smith received a call from Tomlinson stating Employee Health has not cleared her to start work.

19. At this time, Smith reached out to Painter. Painter stated the Director wanted to gather more information because Smith was seeing a pain management.

20. Shortly thereafter, Dr. Chee Wood wrote a letter stating Smith was compliant with her Medical Cannabis Agreement[2] and currently in good standing.

21. On November 15, 2019, Painter emailed Smith stating the director is waiting to hear back from her doctor before they can make a decision regarding her employment.

22. On November 26, 2019, Smith was sent to Pivot Occupational Heath for a Fitness for Duty Exam.

23. The exam did not include tests related to whether Ms. Smith was actually fit to perform the job of medical assistant.

24. The sole basis for Dr. Janicia Thomas recommending that Ms. Smith was not "fit for duty" was her use of prescribed medical marijuana due to the position being "safety sensitive."

---

2 4/2/19 *Letter from Chee Woo, MD* attached as Ex. 3.

25. Afterwards, Painter nor Tomlinson will return any of Ms. Smith's communications.

## COUNT I – ADA DISCRIMINATION

26. Paragraphs 1 through 25 are hereby re-alleged and incorporated herein by reference as if fully set forth herein.

27. Title I of the Americans with Disabilities Act of 1990 (ADA) makes it unlawful for an employer to discriminate against a qualified applicant or employee with a disability.

28. An applicant with a disability, like all other applicants, must be able to meet the employer's requirements for the job, such as education, training, employment experience, skills, or licenses.

29. In addition, an applicant with a disability must be able to perform the "essential functions" of the job the fundamental duties either on her own or with the help of "reasonable accommodation."

30. An employer cannot refuse to hire someone based on a slightly increased risk, speculation about future risk, or generalizations about a disability.

31. The employer must also consider whether a risk can be eliminated or reduced to an acceptable level with a reasonable accommodation.

32. Here, Christiana Care learned post-offer that Plaintiff suffers from pain due to a past injury.

33. Here, Smith's pain is well-controlled with medication and she had been working in a similar position at KenCrest with no effect on her performance.

34. Smith's disability would not pose a high level of risk of harm and therefore Christiana Care could not refuse to hire her based on fears that she would be unable to perform the job.

35. Smith's facts are very similar to a scenario listed on the EEOC's website as a violation of the ADA.[3]

36. Pivot's "Fit for Duty" test was bogus[4].

37. Pivot failed to consider any other information other than Smith's medical marijuana card status.

38. Such acts as described about by Defendant, Christiana Care, constitute unlawful discrimination against Plaintiff in violation of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII") pursuant to the Americans with Disabilities Act.

39. As a direct and proximate result of Defendant's unlawful discrimination, in the nature of discrimination, by and through its agents and

---

[3] https://www.eeoc.gov/facts/jobapplicant.html  *Example: An employer learns during a post-offer medical examination that Simone has major depression. She has been offered a high-level managerial position, but the employer is concerned that the job will be too stressful, causing Simone's illness to worsen. But, Simone's depression is well-controlled with medication and she has been working for two years in a similar position with no effect on her depression or her performance. Based on this information, Simone's disability would not pose a high level of risk of harm and therefore the employer could not refuse to hire her based on fears that she will experience an increased number of depressive episodes or that she would be unable to perform the job.*

employees, Plaintiff, Latoya Smith, has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and lost wages and lost benefits.

40. Such acts as described about by Defendant, Christiana Care, constitute unlawful disability discrimination against Plaintiff in violation of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII").

41. As a direct and proximate result of Defendant's unlawful discrimination, by and through its agents and employees, Plaintiff, LaToya Smith, has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and lost wages and lost benefits.

### COUNT II – VIOLATION OF 16 DELAWARE CODE SECTION 4905A

42. Plaintiff reincorporates all of the foregoing allegations in this Count as if they are stated herein.

43. The State of Delaware enacted the Delaware Medical Marijuana Act ("MMA") when it was passed by the General Assembly and signed into law by the

---

4 11/26/19 Pivot Fitness for Duty Physical Report attached as Ex. 4.

Governor in 2011.  The MMA is codified in Chapter 49A of Title 16 of the Delaware Code.  The MMA was in effect at all relevant times for purposes of this litigation.

44. Smith is a "cardholder" as that term is used in the MMA.

45. Section 4905A of Title 16 of the Delaware Code prohibits, among other things, an employer from terminating or penalizing an employee based upon that employee's status as a "cardholder" or because a cardholder fails a drug test for marijuana components or metabolites.

46. Despite advising the Defendant of her status as a cardholder, Christiana Care terminated Smith because of her failed drug test.

47. As a result of the discrimination based upon Smith's status as a cardholder and/or for testing positive for marijuana, Smith sustained the damages identified above.

## COUNT III: PROMISORRY ESTOPPEL

48. Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

49. "To prevail on a promissory estoppel claim, a plaintiff must establish that: (i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the

promise.

50. Here, Christiana Care, via its authorized agents, promised Smith a position and knew she would have to resign from her current position to accept the position with Defendant.

51. Smith reasonably relied on its promise of employment and took action to her detriment.

52. The promise is binding because injustice can be avoided only by enforcement of the promise.

53. Plaintiff Smith suffered damages as a result.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter a judgment in her favor and against the defendant as follows:

a. Declare the conduct engaged in by the defendant be in violation of the plaintiff's statutory rights.

b. Ordering the hiring of the plaintiff at a level which is commensurate with her time and experience, or in lieu thereof granting the plaintiff front pay, to compensate her for her pecuniary losses, which she will suffer as a result of the wrongful conduct of the defendant.

c. Award the plaintiff back pay compensation for her pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

    d.    Award the plaintiff sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

    e.    Award the plaintiff compensatory and punitive damages not otherwise specified.

    f.    Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

    g.    Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

    h.    Such other and further relief as this Court feels proper.

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire (DE No. 4447)
1475 S. Governors Ave.
Dover, Delaware 19904
P: 302-702-5501
F: 302-213-0042
Attorney for Plaintiff

Date: February 28, 2022